IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| OLLIE DRUEY | § | PLAINTIFF |
| | § | |
| V. | § | CIVIL NO. 1:15-cv-21-HSO-JCG |
| | § | |
| BED BATH & BEYOND, INC.; | § | |
| THE PROMENADE | § | |
| D'IBERVILLE, LLC; and | § | |
| JOHN DOES 1-10 | § | DEFENDANTS |

## ORDER OF REMAND TO STATE COURT

This matter comes before the Court *sua sponte*, upon its March 11, 2015, Order [16] which directed briefing on the issue of the Court's subject matter jurisdiction, particularly the citizenship of Defendant The Promenade D'Iberville, LLC. The Court required Defendants to file briefs on or before March 20, 2015, demonstrating that federal subject matter jurisdiction exists. After Defendants requested additional time [21], the Court granted Defendants until April 10, 2015, to file their briefs. Neither Defendant filed a brief by that deadline. Having considered the record as a whole and relevant legal authorities, for the reasons that follow, this case must be remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District.

I. BACKGROUND

This case stems from a trip and fall which allegedly occurred in front of Defendant Bed Bath & Beyond, Inc.'s store location in Defendant The Promenade D'Iberville, LLC's shopping center in D'Iberville, Mississippi. Plaintiff filed her

Complaint [1-2] in the Circuit Court of Harrison County, Mississippi, First Judicial District, on October 14, 2014, naming Bed Bath & Beyond, Inc., as the sole Defendant.  Compl. [1-2] at 1.  Bed Bath & Beyond, Inc., removed the case to this Court on January 21, 2015, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Notice of Removal [1] at 1-2.

On January 27, 2015, Plaintiff filed a Motion to Amend [5] her Complaint to add The Promenade D'Iberville, LLC, as a Defendant.  The Magistrate Judge granted the Motion on January 28, 2015, and Plaintiff filed her Amended Complaint [6] the same date.  Because the Amended Complaint did not disclose the citizenship of the members of Defendant The Promenade D'Iberville, LLC, the Magistrate Judge entered an Order [16] on March 11, 2015, requiring Defendants to file briefs demonstrating that there was federal subject matter jurisdiction.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that a limited liability company's citizenship is that of its members).  Defendants' briefs were due on April 10, 2015.

While Defendants have not filed a formal brief into the record, Defense counsel has advised the Court that, despite their due diligence, Defendants are unable to ascertain the citizenship of Defendant The Promenade D'Iberville, LLC, for diversity of citizenship purposes.  The Court is therefore unable to determine whether subject matter jurisdiction exists in this case.

## II. DISCUSSION

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164). The party seeking removal bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

Based upon the record as a whole, the Court cannot conclude that complete diversity of citizenship exists. *See* 28 U.S.C. § 1332. Defendants have been unable to ascertain the citizenship of The Promenade D'Iberville, LLC, for purposes of determining whether there exists complete diversity of citizenship. Because the Court must resolve all doubts about whether jurisdiction exists in favor of remand, remand is required. *See Acuna*, 200 F.3d at 339.

III.  CONCLUSION

Defendants have not carried their burden of demonstrating that the Court has subject matter jurisdiction over this dispute.  The case must be remanded to state court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **REMANDED** to the Circuit Court of Harrison County, Mississippi, First Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 13th April, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE